IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CALVIN B. LYNCH            :        CIVIL ACTION
                           :
        v.                 :
                           :
DETECTIVE MICHELLE VALAZ, et al.  :   NO. 12-3201

FILED
JUN 1 4 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM

RUFE, J.                                    JUNE 13TH, 2012

        Calvin B. Lynch brings this pro se civil rights action,
pursuant to 42 U.S.C. § 1983, against Detective Michelle Valaz,
the East Lampeter Police Department, Judge Dennis E. Reinecker,
and the Lancaster County Court of Common Pleas.  He seeks to
proceed in forma pauperis.  For the following reasons, the Court
will grant plaintiff leave to proceed in forma pauperis and
dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   FACTS

        Plaintiff's complaint is based on his prosecution for and
conviction of burglary and related offenses in the Lancaster
County Court of Common Pleas.  In June 2010, Detective Valaz of
the East Lampeter Police Department caused a warrant to be issued
for plaintiff's arrest and/or caused charges to be issued against
him in connection with the burglary.  As a result, plaintiff, who
was incarcerated on unrelated charges at the time, was brought to
court for a preliminary hearing after which the charges were held
over.  At some point prior to trial, plaintiff argued to Judge
Reinecker, who was presiding over the case, that the criminal
proceeding was invalid because plaintiff was never arrested or

1

arraigned.   The judge rejected plaintiff's argument.   The case proceeded to trial and plaintiff was convicted.

In this lawsuit, plaintiff contends that the criminal proceeding that led to his conviction was unconstitutional in several respects because he was never arrested or arraigned. Accordingly, he seeks millions of dollars in damages from each defendant for the violation of his constitutional rights.

## II.   STANDARD OF REVIEW

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies.   That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.   Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).   The Court may also consider matters of public record.   Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).   As plaintiff is proceeding pro se, the Court must construe his allegations liberally.   Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

III. DISCUSSION

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff's claims are all premised on constitutional deficiencies in his criminal case resulting from the fact that he was tried and convicted without having been arrested or arraigned. Accordingly, plaintiff is attempting to recover damages for allegedly unconstitutional conviction and imprisonment or for alleged constitutional violations that, if proven, would necessarily render his convictions invalid.[1] (See Compl. at 4 (indicating that plaintiff seeks to litigate "whether [his] detention is unconstitutional").) However, the complaint indicates that plaintiff's convictions have not yet been reversed or otherwise invalidated – a fact confirmed by publicly available

---

[1]Plaintiff recognizes that he may not undermine his convictions in a § 1983 proceeding. However, he contends that he should be allowed to proceed because he is not attacking his convictions, but instead seeking monetary relief for constitutional violations that occurred during the criminal proceeding that led to those convictions. That is a distinction without a difference for purposes of Heck.

dockets.  Accordingly, the Court will dismiss plaintiff's claims because they are not cognizable under § 1983.

There are additional reasons whey plaintiff's claims fail. First, the Lancaster County Court of Common Pleas is entitled to Eleventh Amendment immunity.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (holding that Pennsylvania's judicial districts, which are comprised of three courts including the Court of Common Pleas, are entitled to Eleventh Amendment immunity).  Second, as plaintiff's claims against Judge Reinecker are based solely on acts that the judge took in his judicial capacity while presiding over plaintiff's criminal case, Judge Reinecker is entitled to absolute immunity.  See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts.").  Third, plaintiff has not described a basis for the East Lampeter Police Department's liability.  See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).  Nor does he describe a basis for Detective Valaz's liability, as it is unclear how, Heck notwithstanding, Valaz's initiation of charges against plaintiff would render her liable for the procedural deficiency alleged in this case.

A district court should generally provide a pro se plaintiff

with leave to amend unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Here, amendment would be futile because it is apparent that plaintiff's claims are barred by Heck. Accordingly, plaintiff will not be permitted to file an amended complaint.

IV.   CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed.  An appropriate order follows.